WALLACE FARM, INC., Plaintiff v. CITY OF CHARLOTTE and CURT WALTON, Defendants

No. COA09-939

(Filed 16 March 2010)

**Public Records— request—trial preparation materials—not subject to inspection**

The trial court did not abuse its discretion by denying plaintiff the opportunity to inspect certain records it had requested from the City of Charlotte under the Public Records Act because the documents contained mental impressions, conclusions, opinions, or legal theories of City attorneys or other agents of the City that had been prepared in reasonable anticipation of litigation.

Appeal by plaintiff from memorandum and order entered 6 January 2009 by Judge Richard D. Boner in Mecklenburg County Superior Court. Heard in the Court of Appeals 26 January 2010.

*The Odom Firm, PLLC, by T. LaFontine Odom, Sr., Thomas L. Odom, Jr., and David W. Murray, for plaintiff-appellant.*

*City of Charlotte, Office of the City of Attorney, by Senior Assistant City Attorney S. Mujeeb Shah-Khan, for defendant-appellees.*

BRYANT, Judge.

Plaintiff Wallace Farm, Inc., appeals from a memorandum and order entered after the Mecklenburg Superior Court conducted an *in camera* review of public records provided by the City of Charlotte and ordered that 225 documents were trial preparation materials and not subject to inspection by plaintiff. For the reasons stated herein, we affirm.

On 30 September 2008, Charlotte zoning inspectors, by authority of an administrative warrant, searched Wallace Farm following complaints of odor emanating from the farm's composting facility and allegations that Wallace Farm had grown beyond the parameters set by the 1999 zoning regulations.

On 15 October 2008, plaintiff mailed to the Office of the Charlotte City Manager a request to examine all public records from the last ten years—1998 through 2008—that referred to plaintiff's property, including but not limited to complaints against and subsequent investigation of plaintiff's composting facility, meetings between city, state, and federal personnel regarding neighborhood development, and zoning code enforcement. Lacking a response, plaintiff sent a follow-up request to review the documents on 27 October. On 31 October, the Charlotte City Attorney's Office sent notice to plaintiff that City Manager Curt Walton relayed the public records request to the City Attorney's Office and the City Attorney's Office would comply with the request pursuant to the obligations of N.C. Gen. Stat. § 132-1 *et seq.* On 3 November 2008, plaintiff filed a complaint against the City of Charlotte and City Manager Curt Walton (defendants) to compel production of the requested public records. A hearing was set for 18 December 2008.

Defendants provided plaintiff with 8,241 pages of public documents on 24 November 2008; 10,183 pages of documents on 4 Decem-

ber 2008; and on 11 December 2008, approximately 3,000 pages for a total of 21,424 pages. However, defendants withheld approximately 500 pages on grounds that the City reasonably anticipated litigation and the materials "withheld from review contain mental impressions, conclusions, opinions, or legal theories of individuals in the City Attorney's Office concerning the potential litigation . . . ." On 6 January 2009, after reviewing the withheld pages *in camera* in order to decide whether they should be provided to plaintiff, the trial court entered a memorandum and order in which it ruled that the 500 pages comprising 225 documents were trial preparation materials and therefore not public records subject to inspection by plaintiff. Plaintiff appeals.

On appeal, plaintiff argues that the trial court erred by failing to allow plaintiff to inspect the public records because the records were not trial preparation materials and failing to allow the inspection operated in opposition to the North Carolina Public Records Act. We disagree.

We review the trial court's ruling for abuse of discretion. *See Maxwell v. Michael P. Doyle, Inc.*, 164 N.C. App. 319, 329, 595 S.E.2d 759, 765 (2004) ("A trial court's determination regarding relevance for purposes of discovery may be reversed only upon a showing of an abuse of discretion.").

Our Public Records Act, codified in Chapter 132 of our General Statutes "provides for liberal access to public records." *Virmani v. Presbyterian Health Servs. Corp.*, 350 N.C. 449, 462, 515 S.E.2d 675, 685 (1999) (citation omitted). "The public records and public information compiled by the agencies of North Carolina government or its subdivisions are the property of the people. Therefore, it is the policy of this State that the people may obtain copies of their public records . . . unless otherwise specifically provided by law." N.C. Gen. Stat. § 132-1(b) (2007). "Exceptions and exemptions to the Public Records Act must be construed narrowly." *Carter-Hubbard Publ'g Co. v. WRMC Hosp. Operating Corp.*, 178 N.C. App. 621, 624, 633 S.E.2d 682, 684 (2006) (citation omitted). Under our General Statutes, section 132-1.9, "a custodian may deny access to a public record that is also trial preparation material." N.C. Gen. Stat. § 132-1.9(b) (2007).

Under our Rules of Civil Procedure "[a] court may not permit disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning

the litigation in which the material is sought or work product of the attorney or attorneys of record in the particular action." N.C. R. Civ. P. 26(b)(3) (2007).

> [T]he party asserting work product privilege bears the burden of showing (1) that the material consists of documents or tangible things, (2) which were prepared in anticipation of litigation or for trial, and (3) by or for another party or its representatives which may include an attorney, consultant, surety, indemnitor, insurer or agent.

*Evans v. United Servs. Auto. Ass'n*, 142 N.C. App. 18, 29, 541 S.E.2d 782, 789 (2001) (citations and internal quotations omitted).

> Although not a privilege, the exception is a qualified immunity and extends to all materials prepared in anticipation of litigation or for trial by or for another party or by or for that other party's consultant, surety, indemnitor, insurer, or agent. The protection is allowed not only for materials prepared after the other party has secured an attorney, but those prepared under circumstances in which a reasonable person might anticipate a possibility of litigation. Materials prepared in the ordinary course of business are not protected, nor does the protection extend to facts known by any party.

*Boyce & Isley, PLLC v. Cooper*, —— N.C. App. ——, 673 S.E.2d 694, 702 (2009) (citations, quotations, and emphasis omitted).

Here, in the 15 December 2008 letter from defendants to plaintiff, defendants contend the documents withheld "were prepared in anticipation of a legal proceeding yet to commence." Specifically, defendants "contend that if it takes any action against [Wallace Farm], be it via the City beginning enforcement proceedings for possible Zoning Ordinance violations, or the odor study results being submitted to any party, litigation is reasonably anticipated to follow." At the 18 December 2008 hearing to compel production of public records, defendants argued that the materials withheld "all related to the City's research and the City's taking a look at legal strategies related to possible zoning enforcement, not with respect to any of the claims that the plaintiff suggest they might pursue against the City with respect to the September 30, 2008 administrative inspection." Upon review, including in camera review of the withheld documents, we agree with the trial court's ruling and hold the challenged documents contain mental impressions, conclusions, opinions, or legal theories

of city attorneys or other agents of the City in reasonable anticipation of litigation. Therefore, we hold that the trial court did not abuse its discretion in concluding the public records exception under N.C. Gen. Stat. § 132-1.9 applies. Accordingly, we overrule plaintiff's assignment of error.

Affirmed.

Judges JACKSON and HUNTER, Jr., Robert N. concur.